### BEEBE v. B. F. STURTEVANT CO.

(District Court, E. D. Pennsylvania. August 31, 1914.)

No. 3184.

TRESPASS (§ 40*)—PLEADING—STATEMENT OF CLAIM.

A statement of claim in trespass under Act Pa. May 25, 1887 (P. L. 271), may properly state the duties to which defendant was subject, and its failure to perform them, but should in addition contain averments showing in what respect it failed.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 80–88; Dec. Dig. § 40.*]

At Law. Action by Lawrence F. Beebe against the B. F. Sturtevant Company. Sur rule for more specific statement. Rule made absolute.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

John Thiel, of Philadelphia, Pa., for plaintiff.
Henry Spalding, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This rule must be made absolute. The plaintiff's statement contains nothing more than six abstract propositions of duty and the averment that each had been disregarded. The statement does not disclose in what the dereliction of duty consisted. This it should do. The science of pleading has its practical as well as its academic side, with which those interested in procedure forms have been most concerned. At the bottom of all pleadings lies the distinction between the different kinds of facts. We have the facts which are established by testimony and evidence, or what may be termed the evidential facts. We have the ultimate facts, which are found from these evidential facts by inference. Upon these ultimate facts the judgment of the law proceeds. The first must not be confounded with the evidence by which they are established, nor the latter confused with the conclusions of law which follow the findings of fact. The temptation to the pleader on the one side is to aver only the general or ultimate facts, so as to open as wide as possible the door of evidence. The effort of the other is to confine the averments to the particular or evidential facts, so that the evidence may be correspondingly restricted.

It is a not incurious feature of the development of pleadings that the drift of the changes proposed in the practice in courts of equity and of law is in opposite directions. The new rules of courts of equity in all jurisdictions require the plaintiff to confine himself to a statement of the ultimate facts upon which his right of action is based. Acts of assembly are being passed in every state to compel plaintiffs to give a narrative history of the particular facts of the transaction out of which the case arises. These opposite changes alike spring from the desire to get rid of an evil. The Legislature of Pennsylvania has expressed its will by the act of May 25, 1887 (P. L. 271), which, among other things, has prescribed what a statement in actions of trespass shall contain. The terms of the act are general. Whether it was intended to do away with the common-law form of pleading, and to compel statements of claim to give the particular facts in narrative form, is not clear. The construction which has been given to it by the Pennsylvania courts is that it is permissive, and the general practice throughout the state justifies the observation that some lawyers follow the one form and some the other.

The question of the sufficiency of statements is raised in a variety of ways. We have cases in which it has been determined on demurrer, on rules for bills of particulars, on rules for more specific statements, on objections to evidence at the trial, and on motions for judgment after verdict. The test varies somewhat according to the mode in which the question is raised. When raised as in this case, it is to be determined as a practical question of whether the defendant is sufficiently apprised of the case which he is to meet. The form of this statement is commendable in its general plan of stating the duties to which the defendant was subject and its failure to comply with them. There should, however, be added an averment of the respect in which the defendant failed.

In passing upon a particular case, much depends upon what the case is, and each must be determined upon its own circumstances, and be left in the first instance to the spirit of professional fairness and candor in the pleader to state his real case. He is not, however, called upon to state his evidence. In this case the statement is too general.

Let the rule be made absolute.